# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV496-C

| | |
|---|---|
| JODI ASTRIKE, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>FERNO WASHINGTON, INC., )<br>)<br>    Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss" (document #4) and "Memorandum in Support ...." (document #5), both filed October 19, 2004; and the "Plaintiff's Memorandum in Opposition ..." (document #6) filed November 4, 2004. On November 15, 2004, the Defendant filed its "Reply ..." (document #7).

On June 29, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's motion is now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, the undersigned will <u>grant</u> the parties 90 days to conduct discovery related to the issue of the Release, discussed below, and will <u>convert</u> the Defendant's Motion to Dismiss to a Motion for Summary Judgment to be considered by the U.S. District Judge to whom this case is assigned (the Honorable Robert J. Conrad. Jr.) following the expiration of the discovery period.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 27, 2004, the Plaintiff, Jodi Astrike, filed the subject Complaint, alleging a claim for wrongful termination based on gender in violation of Title VII of the 1964 Civil Rights

Act, 42 U.S.C. § 2000e ("Title VII"), against Defendant Ferno Washington, Inc., her former employer.

On October 19, 2004, the Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) contending that at the time of her termination and in exchange for a severance package that would not otherwise have been paid to her, the Plaintiff signed a "General Release" ("the Release"), which states in relevant part:

> IN CONSIDERATION of the [severance package] [the Plaintiff] ... release[s] the [Defendant] ... from all debts, claims, demands, rights, actions, causes of action, suits, contracts, agreements, damages, whatsoever of every name and nature ... including any which relate to or arise from ... employment discrimination.... [Plaintiff] covenant[s] not to sue and will not file ... any complaint ... which arose during or is related or is attributable in any way to [her] employment or separation from [her] employment with [the Defendant].

Attachment A to Defendant's "Motion to Dismiss" (document #4) (emphasis in original).

In response to the Defendant's Motion, the Plaintiff points out that the Release was not attached to or otherwise incorporated into the Complaint, and requests, in the event the Court converts the present Motion to Dismiss into a Motion for Summary Judgment in order to consider the Release, an opportunity to conduct discovery concerning its validity and effect.[1]

In its Reply, the Defendant concedes that the Court may not consider the Release, or any other evidence outside the four corners of the Complaint, without first converting its Motion to

---

[1] Releases and waivers of claims generally are enforceable and are governed by principles of ordinary contract law. Adder v. Holman & Moody, Inc., 288 N.C. 484, 492, 219 S.E. 2d 190, 195 (1975). "The heart of a contract is the intention of the parties. The intention of the parties must be determined from the language of the contract, the purposes of the contract, the subject matter and the situation of the parties at the time the contract is executed." Id. It is well settled, however, that a party may avoid the otherwise preclusive effect of a release if she can establish grounds for setting it aside. Accord Sidden v. Mailman, 137 N.C.App. 669, 675, 529 S.E.2d 266, 270 (2000) (" failure to disclose a material fact relating to [a release] which [a party] had a duty to disclose" constitutes grounds for setting aside that contract); and Adder, 288 N.C. 490, 219 S.E. 2d at 194 (person who enters into an otherwise valid contract under duress can avoid his obligations under that contract).

2

Dismiss into a Motion for Summary Judgment. See Document #7 at 2. The Defendant requests that discovery be limited to issues related to the Release.

**DISCUSSION**

As the parties agree, "[a] motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

Rule 12(b)(6) also provides:

> If ... matters outside the pleading are presented ... the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Accord Pueschel v. United States, 369 F.3d 345, 353-54 (4th Cir. 2004) (district court required to treat Rule 12(b)(6) motion as one for summary judgment if it considers matters outside complaint); Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260-61 (4th Cir.1998) (same); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir.1989) (same); Miller v. Liberty Mut. Ins. Co., ___ F. Supp. 2d ___, ___ (S.D. W.Va. June 21, 2005) (Rule 12(b)(6) motion evaluated as Rule 56 Motion for summary judgment where defendant offered and court considered "extraneous evidence"); and Springs v. Stone, 362 F.Supp.2d 686, 693 (E.D.Va. 2005) (where court considered evidence outside of complaint, Rule 12(b)(6) motion converted to motion for summary judgment).

Accordingly, the Court will treat the Defendant's Motion to Dismiss as a Motion for Summary Judgment, that is, the parties will be permitted to conduct discovery and file supplemental

briefs, along with any evidence, related to the Release.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion to Dismiss" (document #4) is **CONVERTED** into a Motion for Summary Judgment.

2. The Clerk is directed to re-docket the subject motion as a Motion for Summary Judgment.

3. The parties shall complete discovery, to be limited to the validity and effect of the Release, on or before November 15, 2005.

4. No later than December 15, 2005, the Defendant may file a supplemental brief in support of its Motion for Summary Judgment (document #4).

5. The Plaintiff shall have until the later of January 15, 2006 or twenty-one (21) days from receipt of the Defendant's supplemental brief, plus three days for mailing, to file a supplemental memorandum in opposition.

6. The Defendant shall have fourteen (14) days from receipt of the Plaintiff's supplemental memorandum in opposition, if any, plus three days for mailing, to file a supplemental reply brief.

7. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

**Signed: August 10, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge